UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal Case No. 06-338-2 |
| v. : | |
| RUBEN VELEZ : | |

**ORDER**

**AND NOW**, this _____ day of _____ 2007, upon consideration of the Defendant's Motion to EXCLUDE EVIDENCE OF PRIOR CONVICTIONS it is hereby ORDERED and DECREED that the motion is GRANTED.

_____
Diamond, U.S.D.J.
United States District Court

_____
DATE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal Case No. 06-338-2 |
| v. : | |
| RUBEN VELEZ : | |

### DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OF PRIOR CONVICTIONS

Defendant, Ruben Velez, hereby moves this Honorable Court to exclude evidence of prior convictions and in support thereof cites the following:

1. Defendant is charged with various offenses including violations of 21 USC 841(a)(1), 18 USC 924(c) and 18 USC 922(g).

2. Defendant is scheduled to be tried by jury before this Honorable Court on December 14, 2007.

3. Defendant may wish to testify in his own behalf.

4. Defendant's mother, Gladys Velez, was present at the time of his arrest and may also be called to testify.

5. Both defendant and his mother have prior criminal convictions. The defendant has two prior convictions for drug trafficking. His mother has a prior conviction for drug possession and a prior conviction for aggravated assault. It is believed that Ms. Velez convictions are about ten years old.

6. For the reasons set forth in the attached memorandum of law, the Defendant moves this Honorable Court to preclude evidence of the aforesaid prior convictions.

Respectfully submitted,

_____
Patrick J. Egan, Esq.
Fox Rothschild LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103
Tel: (215) 299-2700
Fax: (215) 299-2150

Date: December 13, 2007          Attorney for the Defendant

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal Case No. 06-338-2 |
| v. : | |
| : | |
| RUBEN VELEZ : | |

**DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OF PRIOR CONVICTIONS**

Defendant requests that the Court exclude any evidence of his prior convictions under Fed. R. Evid. 609 in the event that he chooses to testify, and an in any event under Fed. R. Evid. 403 and 404(b). Defendant also requests that the Court exclude any evidence of prior prosecutions of his mother, Gladys Velez, under Rules 403 and 404(b).

Should Defendant or his mother testify at trial, the admissibility of their prior felony convictions would be governed by Rule 609. In pertinent part, Rule 609 states as follows:

> (a) General Rule. For the purpose of attacking the credibility of a witness,
>
> (1) evidence that a witness other than the accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused;...[1]

Rule 609 distinguishes between the accused and mere witnesses with respect to the use of prior convictions for impeachment. An defendant's felony conviction is admissible only if the

---

[1] As understood by the defense, the prior offenses in question here are felonies, but do not involve "dishonesty or false statements" under Rule 609(a)(2).

probative value "outweighs is prejudicial effect." A defendant's prior felony convictions that are too similar to the charged offense are potentially prejudicial and may be excluded under Rule 609(a)(1). United States v. Hans, 738 F.2d 88, 94 (3d Cir. 1984). Non-defendant witnesses are treated differently. Under Rule 609(a)(1), non-defendant witnesses are subject to a Rule 403 analysis, such that the probative value of a non-defendant witness' prior conviction must be "substantially outweighed by the danger of unfair prejudice." United States v. Tse, 375 F.3d 148, 164 (1st Cir. 2004).

In this case, the Defendant's 1997 convictions for possession with intent to deliver cocaine and possession with intent to deliver heroin and cocaine are exceedingly similar to the offense charged in this case. Should he choose to testify, prejudice associated with the admission of the prior convictions would more than outweigh any probative value. As in Hans, the jury would likely convict him based on the similarity of his past convictions to the current charges. The prior convictions should be excluded under Rule 609(a)(1) in the event the Defendant chooses to testify. For the same reasons, the Defendant's prior convictions should be excluded under Rule 403, as the unfair prejudice associated with convicting a defendant based on prior offenses substantially outweighs any probative value of prior convictions that are unrelated to the alleged facts of this case.

Likewise, regardless of whether he chooses to testify, the Defendant's prior convictions should be excluded under Rule 404(b). That Rule provides that "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." It is difficult to see what value the Defendant's prior convictions could have for the government's case other than to show a propensity to commit the charged offense. This is not a case where the prior offense conduct could illuminate some issue of motive,

2

opportunity, intent, or other permitted purpose under Rule 404. Even if such a nonprohibited purpose existed, the evidence would still be properly excluded under Rule 403.

For similar reasons, evidence of the Defendant's mother's prior convictions should also be excluded. Under Rules 609 and 403, this evidence is subject to the "substantially outweighed by the danger of unfair prejudice" test. The Defendant would be unfairly prejudiced if the jury associated with him the taint of his mother's prior convictions, which have nothing to do with the alleged events of this case.

For all of the foregoing reasons, Defendant requests that the Court exclude any evidence of his prior felony convictions, as well as those of his mother, Gladys Velez.

Respectfully submitted,

Patrick J. Egan, Esq.
Fox Rothschild LLP
2000 Market Street, 10th Floor
Philadelphia, PA  19103
Tel:  (215) 299-2700
Fax:  (215) 299-2150

Date:  December 13, 2007          Attorney for the Defendant

3

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | Criminal Case No. 06-338-2 |
| v. | : | |
| | : | |
| RUBEN VELEZ | : | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Motion To Exclude Evidence Of Prior Convictions has been served upon:

> David Troyer, Esquire
> United States Attorney's Office
> Suite 1250
> 615 Chestnut Street
> Philadelphia, PA  19106

by electronic mail on this date:  December 13, 2007.

> /s/ Patrick J. Egan
> Patrick J. Egan
> Fox Rothschild LLP
> 2000 Market Street, 10th Floor
> Philadelphia, PA  19103
> (215) 299-2825