IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | : | |
| --- | --- | --- |
| | : | CRIMINAL ACTION |
| vs. | : | |
| | : | 06-0338 |
| RUBEN VELEZ | : | |
| | : | |

**AMENDED**
**SENTENCING MEMORANDUM**

1. Introduction

Defendant Ruben Velez was found guilty by a jury on July 5th 2006 of violation of 21 U.S.C. §841(a)(1), (b)(1)(A), 18 U.S.C. §2 (Count One) and 21 U.S.C. §841(a)(1),(b)(1)(B) and 21 U.S.C. §841(a)(1). Mr. Velez was found not guilty of 18 U.S.C. §924(c)(1). Mr. Velez objects to several items in the Pre-Sentence Investigation Report ("PSR") and submits that the applicable Guidelines range has not been properly calculated. Further, upon due consideration of the factors set forth in 18 U.S.C. 3553(a), a sentence below the applicable guideline is both reasonable and warranted.

A. GUIDELINES CALCULATION

Advisory U.S.S.G. §4a1.1(a)

In Part B of Mr. Velez' Presentence Investigation Report, the U.S. Probation Department has incorrectly calculated the defendant's criminal history. The defendant received a total of six (6) criminal history points for a guilty plea he entered on January 24th 1997 (over 10 years ago). The defendant pled guilty in the Philadelphia Court of Common Pleas as part of a consolidated guilty plea. Although separate Bills of Information may have been filed, it is clear even from the report

of the Probation Department that both incidents were a continuing course of conduct, to wit, a part of a single common scheme or plan by the defendant to which he pled guilty on January 24th 1997. No information has been offered which suggests that the charging authority viewed the conduct as isolated events. Indeed the federal authorities routinely charge individual actions which occur over a course of time, typically years, yet the criminal event is treated as one item for the purposes of calculating the criminal history. It is clear, however, that the charges were formally consolidated for both the plea and sentencing and therefore ought to be considered related under 4A1.2(a)(2). Additionally, both preliminary hearings were held on the same date, February 8th 1996, and the events both occurred in the same police district (25th). Further, both events are charged in the Bills of Information with identical language.

Absent reliable facts to the contrary, this Court is presented with the task of assessing a possible maximum sentence in violation of the Sixth Amendment.

### Advisory U.S.S.G. §4B1.1 & 18 U.S.C. §841

The defendant's prior record lacks sufficient information to satisfy the legal standard of "prior conviction" for enhancement purposes. No transcript has been presented to the Court in support of the assertion that the defendant in fact pled guilty to a crime that satisfies the federal definition of a felony involving drugs. Pennsylvania does not require proof of a specific drug, merely that the substance was a controlled substance. Conversely, federal law requires proof beyond a reasonable doubt that the drugs are of the type charged in the Indictment.

### 18 U.S.C. §851 Notice

Defendant asserts that he was not provided nor advised of the filing of an Information pursuant to 18 U.S.C. §851. In fact, any such filing is otherwise improper given the insufficiency of

the evidence regarding the "prior conviction" argued above. In any event, Mr. Velez was not advised by counsel nor did he consent to the filing of any notice per 18 U.S.C. §851.

### 18 U.S.C. 3553(a) Factors

Ultimately, this Court will craft a sentence that complies with the factors to be considered in 18 U.S.C. 3553(a). The Court is permitted to juxtapose the calculated guidelines with the factors delineated herein, as a basis to properly disregard advisory guideline levels arrived at by proper calculation of the sentencing guidelines.

### Advisory U.S.S.G. 2D1.1(b)(1)

The U.S. Probation Department has improperly found what a federal jury has rejected, to wit, that the defendant was in possession of a firearm during a drug trafficking crime. The two points assessed by the probation department are incorrect. Given the finding by the jury, any enhancement, advisory or otherwise, is inconsistent with the 6th Amendment and Supreme Court case law.

### Post Conviction Rehabilitation

While in custody, the defendant sought to self-rehabilitate. To this end he applied himself to achieve his GED. Thus far, he has received passing grades in four of the five sections. Presently, Mr. Velez is re-scheduling the final section he needs to pass whereupon he will receive his GED. The Court should consider this post conviction rehabilitation as a sound reason to depart downward from the sentencing guidelines.

### U.S.S.G §2D1.1 2 Level Reduction per Policy Statement 1B1.10 effective 5/1/2008

The Base Offense Level of 32 does not reflect a two (2) level reduction per the guideline amendment. Mr. Velez was convicted of offenses involving powder cocaine and crack cocaine. He is entitled to a two level reduction in his base offense level. No exclusion to the reduction applies in the defendant's case. His correct base offense level is 30.

Conclusion

In the first instance, proper calculation of the defendants sentencing guidelines should be a level 30 for an advisory range of 108 - 135 months. Secondly, given the advisory nature of the sentencing guidelines, the sentencing court has the discretion to adopt or not adopt findings made in the course of calculating the guidelines to arrive at a fair and just sentence

                                        Respectfully submitted,
                                        LAW OFFICE OF
                                        JEREMY   H.   GONZALEZ   IBRAHIM

                                        _____
                                        Jeremy H.G. Ibrahim
                                        Attorney for Ruben Velez

DATE: November 18th 2008

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the attached Sentencing Memorandum has been provided via ECF to:

David Troyer
Assistant United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106


Date: November 24th 2008                              _____
                                                                     Jeremy H. G. Ibrahim
                                                                       Attorney for Ruben Velez